**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DAVID MICHALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-492-GPM |
| | ) | |
| LISA KREBS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, formerly an inmate at the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time Plaintiff submitted this complaint, he was still confined at the Centralia Correctional Center and, therefore, the provisions of 28 U.S.C. § 1915A apply to his complaint. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Briefly, Plaintiff contends that he was denied adequate medical treatment for his skin condition (vitiligo) and sunburn. At the beginning of his complaint, however, Plaintiff states that he "is in the process of exhausting his Administrative remedies." Plaintiff contends that by the time he exhausts his grievances, he will be released from confinement. Additionally, he contends that by the time he exhausts his remedies, summer would be over and the need for treatment would have passed. Thus, Plaintiff clearly states that he filed the instant action before exhausting his administrative remedies.

### DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his

confinement must exhaust his administrative remedies prior to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). Although failure to exhaust administrative remedies is usually an affirmative defense, when – as here – it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

Although it appears that Plaintiff exhausted his remedies with respect to some of his claims *after* this case was filed, this is not enough to save the instant action. Title 42 U.S.C. § 1997e(a) requires a prisoner to exhaust his remedies *before* filing suit. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). That the administrative process may not afford Plaintiff timely relief does not alter the requirement that he exhaust his remedies before bringing an action in federal court. *Booth v. Turner*, 532 U.S. 731, 741 (2001).

Because it appears that Plaintiff has been released from custody, it appears he is no longer a "prisoner." If Plaintiff is not a "prisoner," then he can re-file his suit without the need to exhaust his administrative remedies. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). In other words, because Plaintiff filed this action while he was a prisoner for purposes of § 1997e(a), the action must be dismissed for Plaintiff's failure to exhaust his administrative remedies before filing suit. Should he re-file the action after he no longer is a "prisoner" as defined by the applicable statutes, he will not be subject to the exhaustion requirement.

### DISPOSITION

Plaintiff's complaint does not survive review under § 1915A. This action is **DISMISSED**

**without prejudice** to Plaintiff bringing an action either after exhausting his administrative remedies or after becoming a person to whom 42 U.S.C. § 1997e(a) does not apply. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: 03/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge